Avert, J.
A preliminary question arises here for determinatiion, to wit, whether the court will entertain jurisdiction, in the state of case presented by the papers. These *papers show that no writ of certiorari has been allowed ; but that a writ of error has been issued by the clerk, at the instance of the plaintiff, doubtless upon the supposition that such writ was authorized by the recent statute, allowing final judgments to be examined, on writ of error, which may be issued as a matter of course. The provisions of this statute make it necessary to inquire what kind of judgments are properly examinable under a writ of error.
This distinction between writs of error and writs of certiorari has been for a long time settled by this court, but more recently it has often become necessary to apply it in practice.
Writs of error have been confined to the eases of judgments in proceeding after the course of the common law, and according to that determination a writ of error in the present case can not be sustained, for the judgment sought to be reversed is not *50 of that description. The case must therefore be stricken from the docket, as irregularly hero. But at times upon the circuit, when a case has been dismissed for a similar reason, we have looked into the papers, to discover if there were any grounds for the allowance of a certiorari, and with all the light thrown upon the subject, by a full discussion, we have either refused, or directed the writ to issue. As there has been a good deal of misapprehension respecting the proper form of the remedy, and as, from the same cause no doubt, this case appears in its present shape, wo have concluded to treat it as an application for a writ of certiorari.
With this view we have examined the act above mentioned, for the support of illegitimate children.
The usual mode of proceeding under this law is by a written complaint made by the woman herself before a justice, and under her oath. On the return of the warrant, the justice is directed to examine the complainant under oath, and the accused person shall be allowed to ask her any questions he may think necessary for his justification, evidently treating this as a privilege given to the defendant. This examination is to be reduced to writing, and to be given in evidence on the trial before the jury. It is further provided, that if, *at'tho time of the trial, the woman is not delivered, or is unable to attend, the accused shall be bound to appear at the next court after the birth of the child, at which the mother of the child shall be able to attend. It is provided, also, that the mother shall be a competent witness,-and her credibility left to the jury, and that on the trial of the issue, the jury shall, in behalf of the accused, take into consideration any want of credibility the mother, and any variations in her testimony before the justice and that before the jury. These various provisions contemplate the presence of the mother in all cases upon the trial, and her testimony under oath; the benefit to be claimed to the accused, from any want of credibility of the mother, or from any variations in her testimony, and require the jury to take these things into consideration on the trial. From an examination of the statute, we are satisfied that the presence and testimony of the woman upon the trial arc indispensable, except in the case of a confession in open court, and that the right given by the statmte can not otherwise be secured. If this interpretation of the *51 statute be correct, the court of common pleas erred in suffering this cause to go to the jury without the testimony of the woman For that cause a writ of certiorari will be allowed.